IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERT JADE LOPEZ-PARKER, | § | |
| Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00143-M-BQ |
| HALE COUNTY SHERIFF, | § § § | |
| Respondent. | § | |

**ORDER DENYING MOTIONS AND ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the following: (1) Petitioner filed two letters with the Clerk, which were docketed as motions to amend (ECF Nos. 12, 13); (2) Petitioner's motion requesting appointment of counsel (ECF No. 14); (3) the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 11); and (4) Petitioner's objections to the Findings, Conclusions, and Recommendation.

In the motions to amend, Petitioner alleges that his Amended Petition has been tampered with because he named Lubbock County Sheriff as the Respondent and "did not name either AJ Bonner, or Hale County Sheriff" as the Respondent. ECF Nos. 12, 13. Petitioner asks the Clerk to correct the "mistake." The Court notes initially that Petitioner did name AJ Bonner as the Respondent in his Amended Petition. *See* ECF No. 5. The Court finds, however, that any request to amend the name of the Respondent in this civil action should be **DENIED**. By order entered October 8, 2019, this Court directed that the Clerk change the caption to reflect that the Hale County Sheriff, who has custody of Petitioner, is the proper Respondent. ECF No. 10.

Petitioner also filed a motion requesting appointment of counsel. *See* ECF No. 14. A court *may* appoint counsel to represent a person pursuing federal habeas corpus relief. 28 U.S.C. § 2254;

1

18 U.S.C. § 3006A; Rules 6(a) and 8(c), Rules Governing Section 2254 Cases. But there is no Sixth Amendment right to appointed counsel for prisoners collaterally attacking their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (holding that the Constitution "guarantees no right to counsel on habeas"); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992) (same). An exception to this general rule exists where a court determines that an evidentiary hearing is necessary to resolve the habeas petition—in such an instance, the court must appoint counsel, but "[u]ntil the judge decides to hold a hearing, [s]he has discretion over whether to appoint counsel." *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir. 1993). In making this discretionary determination, "a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Petitioner's case is not complex, and Petitioner has not shown an inability to investigate and present his claim. Also, the Court has not determined that an evidentiary hearing is necessary to resolve the habeas petition. Petitioner's request for the appointment of counsel is **DENIED**.

Finally, the United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Petitioner filed objections, and the District Court has made a de novo review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, by separate judgment, the petition for habeas corpus will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Petitioner is **DENIED** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

If the Petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

SIGNED this 13th day of December, 2019.

BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.